U.S. Department of Justice

Immigration and Naturalization Service

HQCOU 50/1.1

Office of the General Counsel

425 I Street NW
Washington, DC 20536

APR 21 2000

MEMORANDUM FOR Regional Counsel
For Distribution to District and Sector Counsel

FROM: Bo Cooper
General Counsel

SUBJECT: Detention and Release during the Removal Period of Aliens Granted Withholding or Deferral of Removal

Section 241(a)(1) of the Immigration and Nationality Act (INA) establishes a 90-day "removal period" that generally commences on the date a removal order becomes administratively final. Certain aliens are subject to mandatory detention by the INS during this removal period. This memorandum addresses the authority of the Immigration and Naturalization Service (INS) under certain circumstances to release an alien who has a final order of removal, and who has also been granted withholding or deferral of removal, before the 90 day removal period has expired.

Under INA section 241(a)(2), once the removal period has begun, the INS may -- but is not required to -- detain a non-criminal alien until removal is effected. Section 241(a)(2) generally requires the INS to detain all terrorists, all aggravated felons, and most other criminal aliens during the removal period and during any extension of the removal period. Please see HQCOU's March 16, 2000 memorandum entitled " Detention and Release of Aliens with Final Orders of Removal" for a more detailed interpretation of these provisions. Under certain circumstances, however, there is authority for the INS to release an alien who has been finally granted withholding or deferral of removal when the INS is not actively pursuing the alien's removal, even though the alien would otherwise be subject to mandatory detention.

An alien who has been finally granted withholding of removal to a specific country under INA section 241(b)(3), or who has been granted either withholding or deferral of removal to a specific country under the Convention Against Torture, remains an alien who is subject to a final

Memorandum for Regional Counsel
Page 2

order of removal. Generally, the INS may execute that order to any country other than the country to which removal has been withheld or deferred. Thus, if the INS is actively pursuing removal to an alternate country, there is no authority during the removal period to release an alien who is subject to mandatory detention. The purpose of the removal period, however, is to facilitate the execution of the removal order. If, therefore, an alien has been finally granted withholding or deferral of removal and the INS is not actively pursuing the alien's removal to an alternate country, the INS has authority to consider the release of such an alien during the removal period. This means only that there is authority to consider release of such aliens; it does not mandate their release. The decision whether or not to release such an alien must take into consideration all appropriate factors, including whether the alien poses a threat to the community or flight risk.

Office of the Assistant Secretary
U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

FEB 9 2004

| | |
|---|---|
| MEMORANDUM FOR: | Anthony Tangeman<br>Deputy Executive Associate Commissioner<br>Office of Detention and Removal |
| FROM: | Michael J. Garcia<br>Assistant Secretary |
| SUBJECT: | Detention Policy Where an Immigration Judge has Granted <u>Asylum and ICE has Appealed</u> |

This memorandum reiterates the U.S. Immigration and Customs Enforcement (ICE) policy where the immigration court has granted asylum (or other protection relief, such as withholding of removal or protection under the Convention Against Torture) and ICE has entered an appeal of the decision which is pending before the Board of Immigration Appeals.

In general, it is ICE policy to favor release of aliens who have been granted protection relief by an immigration judge, absent exceptional concerns such as national security issues or danger to the community and absent any requirement under law to detain.

For cases where a bond has been required but not posted, the bond should be reviewed following an immigration judge's grant of asylum so that an alien can be released in accordance with this ICE policy. Arriving aliens should be considered for parole.

In all cases, the Field Office Director must approve a decision to keep an alien granted protection relief in custody pending appeal, in consultation with the Chief Counsel. This review cannot be delegated beyond the Field Office Director or anyone acting in that capacity.

If you have any questions regarding this memorandum, please contact your local Chief Counsel.

cc: Victor Cerda
    Acting Principal Legal Advisor

**Strait, Andrew R**

**From:** ERO Taskings
**Sent:** Tuesday, March 06, 2012 12:15 PM
**Subject:** Reminder on Detention Policy Where an Immigration Judge has Granted Asylum, Withholding of Removal or CAT

*The following message is being sent on behalf of Gary Mead, Executive Associate Director, Enforcement and Removal Operations:*

**To: Assistant Directors, Field Office Directors, Deputy Field Office Directors, and Assistant Field Office Directors**

**Subject: Reminder on Detention Policy Where an Immigration Judge has Granted Asylum, Withholding of Removal or CAT**

This Field Guidance is sent as a reminder that the April 21, 2000 Immigration and Naturalization Service Memorandum by General Counsel Bo Cooper (*Detention and Release during the Removal Period of Aliens Granted Withholding or Deferral of Removal*) and the February 9, 2004 ICE Memorandum by Assistant Secretary Michael Garcia (*Detention Policy Where an Immigration Judge Has Granted Asylum and ICE Has Appealed*) are still in effect and should be followed.

The memorandum provides guidance that "[i]n general, it is ICE policy to favor release of aliens who have been granted protection relief by an immigration judge, absent exceptional concerns such as national security issues or danger to the community and absent any requirement under law to detain." Protection relief includes asylum, withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, and withholding or deferral of removal under the regulations implementing U.S. obligations under Article 3 of the U.N. Convention Against Torture and Cruel, Inhuman or Degrading Treatment or Punishment, *see* 8 C.F.R. § 1208.16(d) – 1208.18. This policy applies at all times following a grant of protection, including during any appellate proceedings and throughout the removal period.

Per the April 21, 2000 and February 9, 2004 Memoranda, the Field Office Director must approve any decision to keep an alien who received a grant of any of the aforementioned protections in custody. This includes situations where the Office of the Chief Counsel (OCC) is appealing the grant of relief. Additionally, any decision to continue to hold an alien should be done in consultation with the local OCC.

Any questions should be directed to your local OCC.

NOTICE: This communication may contain privileged or otherwise confidential information. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information. Please inform the sender that you received this message in error and delete the message from your system.

3/6/2012

| | |
|---|---|
| From: | ICE Office of the Director |
| Sent: | Mon, 7 Jun 2021 13:41:47 +0000 |
| To: | Undisclosed recipients: |
| Subject: | REMINDER: Detention Policy Where an Immigration Judge has Granted Asylum, Withholding of Removal, or Convention Against Torture Protection, and DHS has Appealed |

## A Message from Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement

**To All ICE Employees**
**June 04, 2021**

### REMINDER: Detention Policy Where an Immigration Judge has Granted Asylum, Withholding of Removal, or Convention Against Torture Protection, and DHS has Appealed

On February 9, 2004, then-Assistant Secretary Michael J. Garcia issued U.S. Immigration and Customs Enforcement (ICE) Directive 16004.1, <u>Detention Policy Where an Immigration Judge has Granted Asylum and ICE has Appealed</u>, establishing ICE policy favoring a noncitizen's release in instances in which ICE has appealed the decision of an immigration judge granting asylum, withholding of removal, or protection pursuant to the regulations implementing the Convention Against Torture (CAT protection). I am issuing this reminder to ensure that ICE personnel remain cognizant of and continue to follow this Directive, which supports our commitment to ensuring that our limited detention resources are utilized appropriately.

Pursuant to this longstanding policy, absent exceptional circumstances, such as when the noncitizen presents a national security threat or a danger to the community, or any legal requirement to detain, noncitizens granted asylum, withholding of removal, or CAT protection by an immigration judge should be released pending the outcome of any DHS appeal of that decision.

In considering whether exceptional circumstances exist, prior convictions alone do not necessarily indicate a public safety threat or danger to the community. Rather, the individual facts and circumstances of the case, including extensiveness, seriousness, and recency of the criminal activity, along with any evidence of rehabilitation, should be considered in making such determination.

Consistent with Office of the Principal Legal Advisor (OPLA) policy implementing ICE Directive 16004.1, OPLA attorneys are reminded that, in any detained case in which a noncitizen is granted asylum, withholding of removal, or CAT protection but DHS intends to appeal, Enforcement and Removal Operations (ERO) must be immediately advised of the protection grant so that the noncitizen may be immediately considered for release.

In instances in which a bond was set but not posted by the noncitizen, ERO should conduct a custody redetermination; additionally, "arriving aliens" should be considered for parole. Field

Office Director approval is required to continue detention for those affected noncitizens, and such decisions must be made in consultation with the local OPLA Field Location and appropriately documented.

Questions regarding ICE policy on this issue should be directed to the Office of Policy and Planning at ICEOfficeofPolicy@ice.dhs.gov through the chain of command and Directorate or Program Office leadership. Please note, however, that case-specific questions should be addressed by Directorate or Program Office leadership.

Tae D. Johnson
**Acting Director**
**U.S. Immigration and Customs Enforcement**