

# U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041



Austin, Paige
Make the Road
301 Grove St.
Brooklyn  NY  11237

DHS/ICE Office of Chief Counsel - NYV
201 Varick Street, Rm. 1130
New York NY 10014

Name: CANALES MOLINA, MILTON

A 094-004-098

Date of this Notice:  2/2/2024

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr
Chief Clerk

Enclosure

Userteam: Docket



U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

CANALES MOLINA, MILTON
A 094004098
830 PINE HILL ROAD
JENA   LA 71342

DHS/ICE Office of Chief Counsel - NYV
201 Varick Street, Rm. 1130
New York NY 10014

Name: CANALES MOLINA, MILTON          A 094-004-098

Date of this Notice:   2/2/2024

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Userteam: Docket

NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

---

MATTER OF:

Milton CANALES MOLINA, A094-004-098

Applicant

---

FILED
Feb 02, 2024

ON BEHALF OF APPLICANT: Paige Austin, Esquire

ON BEHALF OF DHS: Margaret Eder, Assistant Chief Counsel

IN WITHHOLDING ONLY PROCEEDINGS[1]
On Motion from a Decision of the Board of Immigration Appeals

Before: Crossett, Temporary Appellate Immigration Judge[2]

CROSSETT, Temporary Appellate Immigration Judge

    This matter was last before the Board on November 8, 2022, when we dismissed the applicant's appeal from an Immigration Judge's July 8, 2022, decision denying his application for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and protection under the regulations implementing the Convention Against Torture ("CAT").[3] On September 15, 2023, the applicant filed the present motion to reopen, in which he argues that he received ineffective assistance of counsel during his initial proceedings and, alternatively, that changed country conditions in El Salvador require further evaluation of his eligibility for CAT protection. The Department of Homeland Security opposes the motion. The motion to reopen will be granted and the record remanded.

    The applicant seeks CAT protection based in part on his fear of torture by the Salvadoran government, which will likely take him into official custody upon removal to face pending criminal charges as a suspected murderer and gang member. The applicant's motion persuades us that conditions in El Salvador have changed since his final hearing in Immigration Court on June 30,

---

[1] The applicant is in withholding-only proceedings because he is subject to a reinstated removal order but was found by an asylum officer to have a reasonable fear of persecution or torture in El Salvador. 8 C.F.R. §§ 1208.2(c)(2)(i), 1208.31(e).

[2] Temporary Appellate Immigration Judges sit pursuant to appointment by the Attorney General. *See generally* 8 C.F.R. § 1003.1(a)(1), (4).

[3] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c)-1208.18.

A094-004-098

2022, and that these changed conditions—in which El Salvador's March 2022 "State of Exception" pertaining to suspected gang members has been dramatically expanded in scope and apparent permanence—are material to his eligibility for CAT protection and, indeed, sufficient to establish his prima facie eligibility for such protection when viewed in conjunction with the evidence already of record. Though the State of Exception began several months before the applicant's final hearing, the changes occurring since then embody a substantial escalation and entrenchment of a policy that was initially presented as temporary, not a mere "incremental or incidental" deterioration of preexisting conditions. *See Matter of S-Y-G-*, 24 I&N Dec. 247, 257 (BIA 2007). In sum, though we express no present opinion as to the merits of the applicant's CAT claim, we are convinced that further consideration of the claim is needed.[4]

Accordingly, the following order will be issued.

ORDER: The applicant's motion to reopen is granted and the record is remanded for further proceedings consistent with the foregoing opinion.

---

[4] As we are remanding this matter for further consideration of the applicant's CAT claim based on changed country conditions in El Salvador, we find it unnecessary to reach his arguments pertaining to alleged ineffective assistance of former counsel. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (stating that "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The parties will be free to supplement the record on remand.

2