UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILTON CACERES MOLINA a/k/a MILTON CANALES MOLINA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>WILLIAM JOYCE, *et al.*,<br><br>　　　　　Defendants. | Case No. 25 Civ. 1844 (LAK) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE OR DISMISS FOR IMPROPER VENUE**

　　　　　　　　　　　　　　　　　　　　　　MATTHEW PODOLSKY
　　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney
　　　　　　　　　　　　　　　　　　　　　　Southern District of New York
　　　　　　　　　　　　　　　　　　　　　　86 Chambers St., 3rd Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　　　　Telephone: 212-637-2810
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 212-637-2786
　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants*

ANTHONY J. SUN
Assistant United States Attorney
　　*Of Counsel*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND ............................................................................................................................ 1

   I.  PROCEDURAL HISTORY............................................................................................ 1

   II.  PLAINTIFF'S IMMIGRATION PROCEEDINGS AND DETENTION .......................... 2

ARGUMENT .................................................................................................................................. 3

   I.  PLAINTIFF'S CHALLENGE TO HIS IMMIGRATION DETENTION IS A CORE HABEAS PROCEEDING THAT MUST BE BROUGHT IN THE DISTRICT OF CONFINEMENT ................................................................................ 4

CONCLUSION ............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Cases**

*Almazo v. Decker*,
  No. 19 Civ. 9941 (PAE), 2018 WL 5919523 (S.D.N.Y. Nov. 13, 2018) .................................. 6

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
  171 F.3d 779 (2d Cir. 1999) ................................................................................................... 9

*Corbishley v. Napolitano*,
  No. 20 Civ. 7445, 2020 WL 6157103 (S.D.N.Y. Oct. 21, 2020) ............................................. 9

*DiStefano v. Carozzi N. Am., Inc.*,
  286 F.3d 81 (2d Cir. 2001) ...................................................................................................... 9

*Djangmah v. Dep't of Homeland Sec.*,
  No. 16 Civ. 6136 (VSB), 2016 WL 1175323 (S.D.N.Y. Oct. 7, 2016) ................................... 8

*Golding v. Sessions*,
  No. 18 Civ. 3036 (RJS), 2018 WL 6444400 (S.D.N.Y. Dec. 6, 2018) ................................. 6, 7

*Gomez v. Decker*,
  No. 18 Civ. 4009 (KPF), Dkt. 63 (Sept. 7, 2018) .................................................................... 6

*Guo v. Napolitano*,
  No. 09 Civ. 3023 (PGG), 2009 WL 2840400 (S.D.N.Y. Sept. 2, 2009) .................................. 7

*In re Terrorist Attacks on Sept. 11, 2001*,
  714 F.3d 659 (2d Cir. 2013) .................................................................................................... 9

*Khalil v. Joyce*,
  No. 25 Civ. 1935 (JMF), 2025 WL 849803 (S.D.N.Y. March 19, 2025) ......................... passim

*Lo v. Sessions*,
  No. 17 Civ. 6746 (GHW), 2017 WL 8786850 (S.D.N.Y. Sept. 15, 2017) .............................. 7

*Prakash v. Clinton*,
  No. 08 Civ. 9482 (BSJ), 2010 WL 668816 (S.D.N.Y. Feb. 25, 2010) .................................... 9

*Rumsfeld v. Padilla*,
  542 U.S. 426 (2004) ......................................................................................................... passim

*Singh v. Decker*,
  No. 20 Civ. 9089 (JPC), 2021 WL 23328 (S.D.N.Y. Jan. 4, 2021) ......................................... 6

*Trump v. J.G.G.*,
  __ S. Ct. ___, 2025 WL 1024097 (Apr. 7, 2025) ................................................................... 5, 6, 8

*Valez-Chavez v. McHenry*,
  549 F. Supp. 3d 300 (S.D.N.Y. 2021) ....................................................................................... 8

**Statutes**

18 U.S.C. § 1326(a) ..................................................................................................................... 2

28 U.S.C. § 1331 .......................................................................................................................... 1

28 U.S.C. § 1406(a) ..................................................................................................................... 9

28 U.S.C. § 2241 ...................................................................................................................... 1, 4

5 U.S.C. § 706(2) ......................................................................................................................... 1

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(2) ..................................................................................... 9

Federal Rule of Civil Procedure 12(b)(3) ..................................................................................... 9

Defendants William Joyce, Todd Lyons, Kristi Noem, and Pamela Bondi (collectively, the "government") respectfully submits this memorandum of law in support of their motion to dismiss or transfer this action, which challenges immigration detention and seeks only a bond hearing or release, to the United States District Court for the Western District of Louisiana, the district where plaintiff Milton Caceres Molina is detained.

## PRELIMINARY STATEMENT

Plaintiff is a noncitizen who is detained by U.S. Immigration and Customs Enforcement ("ICE") in Jena, Louisiana, where he has been since March 2023. He filed this action under the guise of the Fifth Amendment of the Constitution and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), in which he seeks a bond hearing with certain criteria. But Plaintiff seeks "core" habeas relief, and as the Supreme Court recently explained, Plaintiff must seek such relief in a habeas petition under 28 U.S.C. § 2241, which must be filed in the district of confinement and name his immediate custodian. Because he has neither named his immediate custodian nor filed this in the district of confinement, this Court lacks jurisdiction over his claims for relief. This Court should transfer this action to the district of confinement or dismiss the action.

## BACKGROUND

### I. PROCEDURAL HISTORY

Plaintiff is a noncitizen detained by ICE. On March 5, 2025, Plaintiff initiated this action by filing a complaint asserting jurisdiction under 28 U.S.C. § 1331 "because the matter in controversy arises under the Constitution of the United States and the Administrative Procedure Act." ECF No. 1 ("Compl."), ¶ 11. At the time of filing, Petitioner was detained by ICE in Jena, Louisiana, which is in the Western District of Louisiana. The complaint seeks an order setting

aside the government's decision denying his release from custody and a bond hearing at which the government bears the burden of showing by clear and convincing evidence future danger or risk of flight that cannot be mitigated by detention or reasonable bond. Compl. (Prayer for Relief).

The parties conferred and proposed, and the Court so-ordered, a schedule by which the parties would brief the threshold issue of venue and defer briefing on any other Rule 12(b) grounds until venue is resolved.[1] ECF No. 17. A hearing is set for May 15, 2025, at 10:00 a.m.

## II.    PLAINTIFF'S IMMIGRATION PROCEEDINGS AND DETENTION

Plaintiff is a citizen of El Salvador who was previously removed from the United States to El Salvador in 2010, but thereafter unlawfully re-entered the United States and was convicted of Illegal Reentry in violation of 18 U.S.C. § 1326(a) in February 2022. Declaration of William Morrow dated April 11, 2025 ("Morrow Decl."), ¶¶ 3, 6, 9. Plaintiff was initially detained at the Orange County Jail in Goshen, New York from February 2022 through March 2023. *Id.* ¶¶ 10, 20. Since March 16, 2023, ICE has detained Plaintiff at the Central Louisiana ICE Processing Center located in Jena, Louisiana. *Id.* ¶ 20. During his detention by ICE, Plaintiff has received six periodic post-order custody reviews and at least one custody review pursuant to ICE Directive 16004.1. *Id.* ¶¶ 11, 14, 16, 18, 20, 21, 27.

Because Plaintiff had previously been removed from the United States, ICE served him with a notice to reinstate his prior removal order. *Id.* ¶ 11. After a credible fear interview, his case was referred to the Immigration Court for withholding-only proceedings. *Id.* ¶ 12. The

---

[1] The parties expressly reserve all arguments on all other issues.

Immigration Court initially denied his application for deferral of removal, and the appeal was dismissed by the Board of Immigration Appeals ("BIA") in November 2022. *Id.* ¶¶ 14, 17.

Plaintiff then filed a petition for review with the United States Court of Appeals for the Second Circuit in November 2022. *Id.* ¶ 19. In November 2023, the Second Circuit granted Plaintiff's motion for a stay of removal. *Id.* ¶ 25. Plaintiff's petition for review remains pending. *Id.* ¶ 31. In the meantime, following a successful motion to reopen, in February 2024 the BIA remanded the matter to the Immigration Court. *Id.* ¶ 24. In September 2024, Plaintiff was ordered removal but granted deferral of removal by the Immigration Court. *Id.* ¶¶ 24, 26, 27. ICE has appealed the grant of deferral of removal to the BIA, and the appeal remains pending. *Id.* ¶¶ 28, 30, 31.

## ARGUMENT

In this action, Plaintiff alleges that his immigration detention is unconstitutional, and the only relief sought by Plaintiff in this action is a bond hearing and a declaration that his release request should not have been denied. But those are precisely the sort of "core" habeas claims that attack the validity of Plaintiff's confinement, yet Plaintiff failed to file this action in the district of confinement and also failed to name his immediate custodian. Under recent Supreme Court precedent and, prior to that, the majority practice of judges in this district, Plaintiff cannot artfully plead around the requirements of habeas corpus in the hope of seeking a more favorable forum. Instead, this Court should transfer this case to the Western District of Louisiana—Plaintiff's district of confinement—or dismiss it without prejudice.

I. **PLAINTIFF'S CHALLENGE TO HIS IMMIGRATION DETENTION IS A CORE HABEAS PROCEEDING THAT MUST BE BROUGHT IN THE DISTRICT OF CONFINEMENT**

Plaintiff challenges his confinement and seeks a bond hearing and potential release, alleging that his detention without a bond hearing is unreasonable, and that denial of his request for release was unlawful. Before reaching the merits of an action challenging immigration detention, the Court must address whether it is the proper tribunal to hear such claims. *Khalil v. Joyce*, No. 25 Civ. 1935 (JMF), 2025 WL 849803, at *5 (S.D.N.Y. March 19, 2025). Because Plaintiff's claims are "core" habeas claims, his challenge must therefore be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2241, against his immediate custodian, and in the district of his confinement.

More than 20 years ago, the Supreme Court made clear that in "core" habeas petitions— *i.e.*, petitions that challenge the detainee's present physical confinement—the detainee must file the petition in the district in which he is confined (*i.e.*, the district of confinement) and name his warden as the respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004). In *Padilla*, the Supreme Court described habeas petitions challenging a petitioner's present physical confinement (*i.e.*, detention) as "core" habeas petitions. *Id.* at 445. For review of such "core" petitions, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[2] *Id.* at 447; *see also id.* at 443 (explaining that "[t]he plain

---

[2] In adopting the "immediate custodian" rule, the Supreme Court rejected the "legal reality of control" standard and held that legal control does not determine the proper respondent in a habeas petition that challenges present physical confinement. *See Padilla*, 542 U.S. at 437-39;

language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

Earlier this month, the Supreme Court held that, for an action bringing claims for relief[3] that necessarily imply the invalidity of a detainee's confinement, regardless of whether a detainee formally requests release from confinement, such "claims fall within the 'core' of the writ of habeas corpus and *must be brought in habeas*." *Trump v. J.G.G.*, __ S. Ct. ___, 2025 WL 1024097, at *1 (Apr. 7, 2025) (emphasis added). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Id.* (quoting *Padilla*, 542 U.S. at 443). And "in a 'core' habeas petition challenging 'present physical confinement,' the proper respondent is the 'warden of the facility where the petitioner is being held,' not a 'remote supervisory official.'" *Khalil*, 2025 WL 849803, at *5 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Where there is "a simple challenge to the physical custody imposed by the Executive — the traditional core of the Great Writ," the "immediate-custodian and district-of-confinement rules" apply. *Khalil*, 2025 WL 849803, at *6.

Plaintiff attempts to plead around this limitation by not mentioning habeas corpus at all in his complaint, but this Court should consider this case for what it is: a "core" challenge to

---

*see also id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

[3] The noncitizen plaintiffs in *J.C.G.* brought nine claims for relief pursuant to various federal statutes, including the Alien Enemies Act, the Administrative Procedure Act, various provisions of the Immigration and Nationality Act, the Due Process Clause, and habeas corpus, but did not expressly seek release from confinement. *See* Compl., ECF No. 1, *J.G.G. v. Trump*, No. 25-cv-00766 (D.D.C. Mar. 15, 2025).

5

Plaintiff's continued detention by ICE. Although a bond hearing does not necessarily result in a detainee's release from custody, habeas is the only available vehicle "[r]egardless of whether the detainee[] formally request[s] release from confinement because the[] claim for relief necessarily impl[ies] the invalidity of their confinement." *J.G.G.*, 2025 WL 1024097, at *1 (internal quotation marks omitted). Moreover, judges in this District have routinely held that requests for a bond hearing are "core" habeas claims. *See, e.g.*, *Singh v. Decker*, No. 20 Civ. 9089 (JPC), 2021 WL 23328, at *3 (S.D.N.Y. Jan. 4, 2021) ("Singh's request for a bond hearing before the IJ similarly is a 'core' challenge, as it directly concerns his physical detention and may ultimately result in his release from such detention."); *Golding v. Sessions*, No. 18 Civ. 3036 (RJS), 2018 WL 6444400, at *2 (S.D.N.Y. Dec. 6, 2018) ("[T]he Court concludes that Petitioner's request for a bond hearing is essentially a challenge to his current immigration detention and therefore falls within the ambit of 'core' proceedings."); *Gomez v. Decker*, No. 18 Civ. 4009 (KPF), Dkt. 63 at 9:14-19 ("The reason [petitioner] seeks a bond hearing is to be released from physical custody. While there may be some distinctions metaphysically between requesting release from detention on the one hand, and requesting a bond hearing in order to be released on the other . . . it is a distinction without a difference.").

Indeed, actions by immigration detainees seeking bond hearings are routinely brought via petition for writ of habeas corpus, and since *Padilla*, courts have repeatedly enforced the district-of-confinement rule in such cases. *See, e.g.*, *Khalil*, 2025 WL 849803, at *7; *Almazo v. Decker*, No. 19 Civ. 9941 (PAE), 2018 WL 5919523, at *1 (S.D.N.Y. Nov. 13, 2018) ("the overwhelming majority of courts in this District have applied *Padilla* to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation" (internal quotation

marks omitted)); *Lo v. Sessions*, No. 17 Civ. 6746 (GHW), 2017 WL 8786850, at *1 (S.D.N.Y. Sept. 15, 2017) ("Petitioner's habeas petition challenges her present physical confinement and thus, jurisdiction lies only in the district where she is physically confined"); *Guo v. Napolitano*, No. 09 Civ. 3023 (PGG), 2009 WL 2840400, at *3 (S.D.N.Y. Sept. 2, 2009) (applying immediate custodian and district of confinement rules to case brought by immigration detainee challenging "physical detention prior to deportation").

The only defendant named in the complaint in the Southern District of New York is William Joyce, the Acting Field Office Director, but he is not Plaintiff's immediate custodian. As Judge Furman recently reaffirmed after extensive analysis in *Khalil*, another matter in which Mr. Joyce was named and was not the detainee's immediate custodian, the proper respondent is the warden of the facility where the detainee is being held, not a "remote supervisory official." 2025 WL 849803, at *5 (citing *Padilla*, 542 U.S. at 435). In unambiguous terms, the Supreme Court explained that, "[i]n challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542, U.S. at 439. And *Padilla* makes clear that the warden of the detention facility, who has physical control over the habeas petitioner, is in fact the official who has the ability to "produce" the petitioner "that he may be released" pursuant to a writ of habeas corpus. *Id.* at 435; *see also, e.g.*, *Golding*, 2018 WL 6444400, at *3 ("As the Supreme Court recognized in *Padilla*, a detainee's immediate custodian is the person who 'exercises day-to-day control' over his or her 'physical custody,' not the person who ordered such custody."). Indeed, the district of confinement rule is "an important corollary to the immediate custodian rule" because it "prevents forum shopping by habeas petitioners" as well as "district courts with overlapping

jurisdiction." *Padilla*, 542 U.S. at 447–48. The failure to name Plaintiff's immediate custodian dooms this action.[4]

In a case such as this, where the Plaintiff challenges the validity of his immigration detention, *see* Compl. (Prayer for Relief), there can be no question that it must be brought in the district of confinement. Plaintiff has been detained in Jena, Louisiana, since 2023, and he has not been detained in this district in more than two years. Jena is in La Salle Parish, Louisiana, which is in the Western District of Louisiana. *See* https://www.lawd.uscourts.gov/clerks-office. Because this challenge to Plaintiff's immigration detention must be brought as a habeas corpus action in the district of confinement, naming his immediate custodian, the Court should either transfer it to the proper venue or dismiss it without prejudice. *See Khalil*, 2025 WL 849803, at *11 (district of confinement and immediate custodian rules raise questions of venue or personal jurisdiction, and thus court has discretion to transfer or dismiss the case); *see also Djangmah v. Dep't of Homeland Sec.*, No. 16 Civ. 6136 (VSB), 2016 WL 1175323, at *2 (S.D.N.Y. Oct. 7, 2016) (construing 42 U.S.C. § 1983 claim for release from immigration detention as a *habeas corpus* claim, noting: "To the extent that Plaintiff seeks his release from immigration detention

---

[4] Plaintiff may cite to an outlier decision from this district, *Valez-Chavez v. McHenry*, 549 F. Supp. 3d 300 (S.D.N.Y. 2021), that permitted an action seeking a bond hearing under the APA, but whatever persuasive authority that decision might have had is no longer valid in light of *J.G.G.* As the Supreme Court has made clear, a challenge to physical custody lying at the "core" of the writ of habeas corpus "must be brought in habeas," it is thus the *only* remedy for a claim that necessarily implies the invalidity of immigration detention. *J.G.G.*, 2025 WL 1024097, at *1. Moreover, permitting a challenge to custody through an APA case in one district where a "remote supervisory official" sits, when a habeas matter could be brought in another district, the district of confinement, would lead to precisely the result the Supreme Court warned against in *Padilla*: forum shopping and overlapping district court jurisdiction. 542 U.S. at 447–48.

. . . , such relief can only be sought in a petition for writ *of habeas corpus* brought under 28 U.S.C. § 2241.").[5]

The government is amenable to transfer under 28 U.S.C. § 1406(a), but dismissal with leave to refile in the proper district naming the proper defendant is also appropriate. Either way, the action cannot proceed in this Court.

---

[5] To the extent the Court considers dismissal as a matter of venue or personal jurisdiction, dismissal could be accomplished through Federal Rule of Civil Procedure 12(b)(2) (personal jurisdiction) and (b)(3) (venue).

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)); *see also In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

On a motion to dismiss a complaint under Rule 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." *Prakash v. Clinton*, No. 08 Civ. 9482 (BSJ), 2010 WL 668816, at *3 (S.D.N.Y. Feb. 25, 2010). "In determining whether venue is proper, [the court] may rely on matters outside the Complaint." *Corbishley v. Napolitano*, No. 20 Civ. 7445, 2020 WL 6157103, at *2 (S.D.N.Y. Oct. 21, 2020).

Here, Plaintiff has not named his immediate custodian, the warden of the Central Louisiana ICE Processing Center, but even if he had, he has not established that this Court has personal jurisdiction over the warden. Similarly, Plaintiff has not met his burden to show that venue is proper given his confinement in Jena, Louisiana.

9

## **CONCLUSION**

For the foregoing reasons, the Court should transfer this matter to the United States District Court for the Western District of Louisiana or dismiss it without prejudice.

Dated: New York, New York
April 11, 2025

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney
Southern District of New York
*Attorney for Defendants*

By:  /s/ Anthony J. Sun
ANTHONY J. SUN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2810
anthony.sun@usdoj.gov

## Certificate of Compliance

      Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,816 words.